UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDGARDO R. LEON,<br><br>  Plaintiff,<br><br> vs.<br><br>WELLS FARGO BANK NA , et al.,<br><br>  Defendants. | Case No: C 11-00182 SBA<br><br>**ORDER DISMISSING ACTION**<br><br>Dkt. 7 |

The parties are presently before the Court on Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") motions to dismiss and strike, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 7. Wells Fargo noticed its motions for July 21, 2011. Under the version of Local Rule 7-3 in effect at the time the motions were filed, any opposition or statement of non-opposition should have been filed by no later than twenty-one days prior to the noticed hearing date. As such, Plaintiff's responses to the instant motions should were due by June 28, 2011. Plaintiff did not file an opposition to the motions.

Although it could have granted the motions based on Plaintiff's failure to file any opposition,[1] the Court, in consideration of less drastic alternatives to dismissal, sua sponte continued the hearing on the motions and granted Plaintiff until July 20, 2011, to file a response. The Court warned Plaintiff that the failure to file an opposition or statement of non-opposition by July 20, 2011, would result in the dismissal of the action. Dkt. 23 at 2.

---

[1] Paragraph 8 of the Court's Standing Orders expressly warns as follows: "**Effect of Failing to Oppose a Motion**: The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion." Dkt. 18 at 5.

To date, Plaintiff has neither filed an opposition or statement of non-opposition to the motions to dismiss or strike.

## I. DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is grounds for dismissal.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case, where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to Wells Fargo's motions and failing to comply with the requirements of the Court's scheduling orders.

The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants");  Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial

or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for his failure to respond nor is any apparent from the record. Indeed, Plaintiff has had over four months to prepare his opposition. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the unopposed motion. In addition, the Court sua sponte afforded Plaintiff a second opportunity to file an opposition (or statement of non-opposition), and again warned him that the failure to respond would result in the dismissal of the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

## II. CONCLUSION

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the action in its entirety. Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).[2] Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk shall close the

---

[2] Although NDEX did not join in Wells Fargo's motion, the Court notes that the relevant considerations under Rule 41(b), as set forth above, apply to the entirety of the action, as opposed to Wells Fargo exclusively.

file and terminate all pending matters and deadlines.  The hearing scheduled for September 13, 2011, is VACATED.

     IT IS SO ORDERED.

Dated:  July 27, 2011

                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LEON et al,

        Plaintiff,

  v.

WELLS FARGO BANK NA et al,

        Defendant.
                                           /

Case Number: CV11-00182 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edgardo R. Leon
4347 Bidwell Drive
Fremont, CA 94538

Dated: July 28, 2011
                                        Richard W. Wieking, Clerk
                                                By: LISA R CLARK, Deputy Clerk